Howard A. Zeller, J.
Counsel for all parties request a postponement to July 15, 1958 of examinations before trial of the defendants and seek to put this action over the June, 1958 Term. Ordinarily such a routine request — particularly, as here, when consented to by counsel for all parties — would be granted without comment. However, because of the extraordinary and unnessary delay which has occurred in this case some remarks are required.
The complaint alleges that on December 26,1951, at a hospital owned and managed by the defendant, City of Oneida, the individual defendants were performing surgical procedures on the plaintiff’s intestate, a lad four years of age, in the course of which he died. Various acts of negligence are alleged against the defendants.
This action was commenced by service of a summons on the defendant city and the defendant Finley on December 22, 1952 and on the defendant Boyd on January 8, 1953. Issue was joined on June 25, 1954. The action was placed upon the October, 1954 calendar of the Supreme Court held in Madison County. It was announced over the October, 1954 Term, the February, 1955 Term, the June, 1955 Term and the October, 1955 Term to accommodate the convenience of counsel and because of conflicting trial schedules of the various attorneys. The action was marked ready by plaintiff’s counsel at the opening of the .February, 1956 Term. Two days later the case was put over the term because of alleged prejudicial newspaper publicity.
On May 11,1956 — 65 months after the death, 40 months after the action had been commenced and 23 months after issue had been joined — plaintiff’s counsel served a formal notice to examine the defendants before trial. Due to the trial schedule of counsel, the examinations were then postponed. They have never been had.
*377 The action was put over the June, 1956 Term. Prior to the October, 1956 Term, the action was dropped from the trial calendar in accordance with the provisions of rule 2 (a) of the Calendar Buies of the Supreme Court for the Sixth Judicial District which authorizes the Clerk only to routinely carry on the trial calendar actions in which the date of filing the note of issue is not more than two years preceeding the commencement of the term.
On May 16, 1958, plaintiff’s counsel moved to restore the action to the trial calendar. The motion was unopposed. Because of the age of the case, I reluctantly granted the motion and set a date for the examination before trial of the defendants, and directed that the action be tried at the June, 1958 Term. The latter directive was in conformity with the said Calendar Rules which provide that an action restored to the trial calendar must be tried at the first term held after its restoration. (Rule 2 [b].)
Because of the illness of the defendant Boyd, all counsel have now stipulated that the examinations before trial again be postponed and the action be put over the June, 1958 Term and placed upon the October, 1958 Trial Term calendar and I have been requested to modify accordingly the order restoring the action to the trial calendar.
There appears no justifiable reason for the inordinate delay in bringing this action to trial. If necessary, means exist to compel parties to submit to examinations before trial. No calendar congestion exists in Madison County. Most actions can be reached for trial at the first or second term after the note of issue has been filed. Commitments in other courts should not be used term after term after term as the reason for delaying trial.
This history of inactivity and procrastination does not commend itself to much further judicial indulgence. Delay of this extent not only makes it difficult to secure a fair trial because of the dimming of the memory of parties and witnesses but also reflects upon the administration of justice in general. However, in view of the willingness of all parties to again delay the examinations before trial and the trial itself, I am constrained to grant the application. The order of modification to be submitted should specifically provide that unless this action is tried at the next Trial Term commencing on October 6,1958 it shall be stricken from the trial calendar. By reason of its age, this action will be number one on the October, 1958 trial calendar and will be the first case reached for trial. By October, 1958, almost seven years will have elapsed since the death occurred, *378 69 months will have gone by since the commencement of the action, and 48 months will have elapsed since the action first appeared upon the trial calendar. Delay beyond the October, 1958 Term should not be countenanced.
The date for the examinations before trial will be fixed in the order to be submitted.